# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 18, 2013

No. 12-30774
Summary Calendar

Lyle W. Cayce
Clerk

WILLIAM MERCER,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; W.A. SHERROD; UNITED STATES BUREAU OF PRISONS; STAFF OF UNITED STATES PENITENTIARY POLLOCK; MR. CEASOR,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:11-CV-1497

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Mercer, federal prisoner # 15996-016, seeks leave to proceed in forma pauperis (IFP) on appeal of the district court's dismissal of his civil rights complaint which was construed as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed his action pursuant to 28 U.S.C. § 1915(e)(2)(B) for failing to state a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim upon which relief can be granted.  By moving for leave to proceed IFP, Mercer is challenging the district court's certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); § 1915(a)(3); FED. R. APP. P. 24(a)(5).

Mercer argues that his complaint clearly demonstrated that defendant Dr. Ceasor acted with deliberate indifference to his medical needs when he failed to provide Mercer with the special shoes that he required in light of his handicap and instead provided a piece of plastic to be inserted into his shoes. While asserting that the appliance provided did not alleviate his pain, he further contended that he suffered increased pain in his upper body because the prosthetic leg made by Dr. Ceasor was wrong for his bone structure.

When reviewing a dismissal for failure to state a claim, all well-pleaded facts are accepted as true and are viewed in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  To state a claim for unconstitutional denial of medical treatment, a convicted prisoner must show that medical care was denied or delayed and that this denial or delay constituted deliberate indifference to his serious medical needs.  *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Accepting Mercer's allegations against Dr. Ceasor as true, they do not reflect that the doctor acted with deliberate indifference to Mercer's serious medical needs, but rather indicate that Mercer disagreed with the doctor's choice of treatment, which does not support a constitutional violation.  *Id.*  Assuming that Mercer's complaints about the manner in which Dr. Ceasor constructed his prosthetic leg is being asserted as a separate claim in this case, these allegations at best assert a claim of medical malpractice or negligence against the doctor, which do not state a constitutional claim.  *See Varnado*, 920 F.2d at 321.

Therefore, Mercer has not shown that he will raise a nonfrivolous issue for appeal with respect to the district court's dismissal of the claims related to the medical care he received.  Mercer has not shown that his appeal involves "legal

points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  Accordingly, Mercer's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Mercer is advised that the district court's dismissal of his complaint and this court's dismissal of his appeal as frivolous each count as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Mercer is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.